## JOHN DONAHOE v. THE STATE.

### *No. 6539.    Decided May 29.*

**Practice—New Trial—Diligence—Fact Case.**—The defendant's application for continuance disclosed due diligence to secure the absent testimony, which absent testimony, in view of the proof on the trial, was both material and probably true. *Held,* that under the circumstances, the continuance having been refused, the court erred in refusing a new trial. See the opinion for a showing of diligence *held* sufficient, and the statement of the case for evidence *held* insufficient to support a conviction for theft, because it not only fails to establish but rebuts the *animus furandi.*

APPEAL from the County Court of McLennan. Tried below before Hon. W. W. Evans, County Judge.

This is the second appeal by the appellant from convictions for misdemeanor theft. Donahoe v. The State, 23 Texas Ct. App., 457. The penalty assessed on this trial was a fine of fifty dollars and confinement in the county jail for one day.

F. Littlefield testified for the State that in July, 1886, he started to Waco with a load of wood. The wagon broke down near Harrison's Landing, and he was compelled to unload and leave the wood on the road-side. Two or three days afterwards he and Mr. Rosser went to get the wood, and found that about one-half of it had been taken away. The trail of a wagon drawn by a horse and a mule led off from the woodpile towards Waco. Witness and Rosser followed that trail towards Waco until they met the defendant driving a wood wagon drawn by a horse and mule. Witness asked him where he had been with his wagon, and what he had hauled in it. He replied that he had hauled a load of wood to Mr. Sam Smith's gin, near Waco, and sold it to Mr. Smith for a dollar and a quarter. Witness and Rosser went on to Smith's gin, where witness found and identified his stolen wood. Smith said he bought it on that morning from a boy for one dollar and a quarter. Rosser testified for the State substantially as did Littlefield.

Sam Smith testified for the State that about sunrise one morning in July, 1886, a boy brought a small load of wood to witness's gin and witness bought it, paying the boy one dollar and a quarter. Witness could not identify the defendant as the boy from whom he bought the said wood, but observed a general resemblance to him. Mr. Littlefield on the same day claimed the wood as his. The witness bought wood from the Estells at different times during the year 1886. The State closed.

A. O. Estell, the step-father of defendant, testified for the defense that at the time of the alleged offense his father, who lived with him, was engaged in the business of hauling wood to Waco and selling it on account of himself and witness. Defendant, who was then in his sixteenth year, frequently drove the wagon with wood to market. For a week prior to the alleged offense the witness saw the wood claimed by Littlefield lying

on the side of the road. The Ashburns at that time had wood piled on both sides of the road near the place where the alleged Littlefield wood was piled. The wagon with about a half cord of wood on it was brought to witness's house one evening in July, 1886. Early on the next morning defendant went off with it. During that day he gave witness a dollar and a quarter, and said that he sold the wood to Mr. Sam Smith.

The application for continuance set out that Sidney Estell, the father of A. O. Estell, would testify that he directed the witness to take the wood involved in this prosecution to complete a load for his wagon, and that he, Sidney Estell, believed the said wood belonged to the Ashburns, with whom he said he would "make it right."

*R. I. Munroe,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This conviction is for the theft of one-half cord of wood. The case was before this court at the Austin Term, 1887, and was reversed because the evidence showed that the wood was taken by mistake. Donahoe v. The State, 23 Texas Ct. App., 457.

This judgment in the case is reversed (1) because a new trial should have been granted in order to procure the testimony of Sidney Estell. The Assistant Attorney-General contends that there is a want of diligence.

Court met on the 22d day of October, 1888. The subpœna issued on the 16th of said month and was served on the 22d. The case was called for trial on the 24th. The witness lived ten miles from the court house. There was ample time for the witness to reach the place of trial, but if he had been served a month before he could not have attended because of sickness.

Again, on the 22d of October appellant had an attachment issued for said witness, which was not executed because Estell was sick. This appears from the officer's return.

But it is also contended that the facts sought to be established by Sidney Estell are not material. We think them quite material and of the greatest importance when considered in connection with the other facts.

(2) The judgment must be reversed because the evidence fails to establish the fraudulent intent. On the contrary the *animus furandi* is. clearly disproved.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.